IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BOBBY CHARLES CANADY, #1074238, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 3:07-CV-0578-M |
| | ) | ECF |
| NATHANIEL QUARTERMAN, Director, | ) | |
| Texas Department of Criminal Justice, | ) | |
| Correctional Institutions Division, | ) | |
|     Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a *pro se* "petition for writ of error" brought by a state inmate. As set out more fully below, the Court liberally construes Petitioner's pleading as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is currently incarcerated at the Wallace Unit of the Texas Department of Criminal Justice -- Correctional Institutions Division (TDCJ-CID) in Colorado City, Texas. Respondent is the Director of TDCJ-CID. The Court did not issue process, pending preliminary screening.

Statement of the Case: Following his plea of not guilty, Petitioner was convicted of possession of a controlled substance and unlawful possession of a firearm by a felon in the 194th Judicial District Court of Dallas County, Texas, in cause numbers F01-53350 and F01-53351.

(Petitions for Writ of Habeas Corpus (Pets.) at 2). Punishment was assessed at thirty and twenty-five years imprisonment respectively to run concurrently. On February 27, 2003, the Court of Appeals for the Fifth District of Texas at Dallas affirmed his convictions. *See Canady v. State*, No. 05-01-01917-CR and 05-01-01918-CR (Tex. App., Dallas, 2003, no pet.).

On March 30, 2004, Petitioner filed two state applications for writ of habeas corpus pursuant to art. 11.07, Texas Code of Criminal Procedure. *Ex parte Canady*, Nos. 60,097-01 and -02, at 2. On May 25, 2005, the Texas Court of Criminal Appeals denied the state writs based on the findings of the trial court without a hearing. *Id.*, at covers.

Petitioner then filed two prior federal petitions pursuant to 28 U.S.C. § 2254, challenging the convictions at issue in this case. *Canady v. Dretke*, 3:05cv1255-M & 3:05cv1256-M (N.D. Tex., Dallas Div., Jun. 20, 2005) (consolidated). He alleged he received ineffective assistance of trial counsel, he was denied his constitutional right to a fair trial, he was denied due process of law when the trial court failed to hear and rule on his motion to suppress, the evidence was legally insufficient to support his convictions, and he received ineffective assistance of appellate counsel. On June 23, 2005, the District Court accepted the recommendation of the Magistrate Judge and dismissed the habeas corpus petition as barred by the one-year statute of limitations. *Id.* Although Petitioner appealed, his appeal was dismissed for failure to prosecute.

In the present petition for writ of error, Petitioner again seeks to challenge his convictions. In his sole ground, he alleges his trial counsel, Russ Hendrichs, committed perjury, in the affidavit submitted in response to Petitioner's first state writs ,when he stated that he had worked on Petitioner's appellate brief, when instead Attorney John D. Nations had represented Petitioner on direct appeal. (Petition for writ of error (Pet.) at 5).

Prior to filing his petition for writ of error, Petitioner filed an original application for writ of habeas corpus, which the Texas Court of Criminal Appeals denied leave to file without a written order. *See Ex parte Canady*, No. WR-60,097-03.

Findings and Conclusions: Although Petitioner styles his pleadings as a "petition for writ of error," he clearly seeks to attack the state court convictions, for which he is presently incarcerated within the TDCJ-CID. As such this action should be construed as a habeas corpus petition pursuant to 28 U.S.C. § 2254, which is reserved for habeas applications on "behalf of a person in custody pursuant to the judgment of a State court." *See* 28 U.S.C. § 2254(a).

Since Petitioner previously filed a § 2254 federal habeas petition, the instant petition is subject to the screening provisions set out in 28 U.S.C. § 2244(b)(3)(A), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). That section provides that "[b]efore a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A) (West 2006).

In *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000), the Court held that § 2244(b)(3)(A) constitutes a bar to a district court's jurisdiction to consider a successive habeas petition unless the Fifth Circuit has granted the petitioner permission to file such a petition. *See also Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003). Therefore, as an initial inquiry the Court must determine if the present petition constitutes a successive application under § 2244(b)(3)(A).

In general, "a later petition is successive when it: 1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2)

3

otherwise constitutes an abuse of the writ." *Crone*, 324 F.3d at 836-37. Section 2244(b)(2)(B)(i) and (ii) provides an exception when "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and" under the facts no reasonable fact finder could have found him guilty of the offense charged.

The facts underlying Petitioner's claim relate to the submission of an affidavit by his trial counsel during the pendency of his state writs (Nos. W01-53350-A and W01-53351-A), which predated the filing of the first federal habeas petition in 2005. His claim was, thus, available when Petitioner filed his initial federal petition and could have been raised therein, but Petitioner failed to do so. "Under the abuse-of-the-writ doctrine, a subsequent petition is 'second or successive' when it raises a claim that was, or could have been, raised in an earlier petition." *Crone*, 324 F.3d at 837. Therefore, the Court concludes that the present petition for writ of habeas corpus is "successive" under the AEDPA.[1]

In light of the successive nature of the present petition, this Court lacks jurisdiction to consider it unless the Fifth Circuit Court of Appeals first grants Petitioner leave to file the same. *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999); *Key*, 205 F.3d at 774. Therefore, the petition should be dismissed for want of jurisdiction. Such a dismissal, however, is without prejudice to Petitioner's right to file a motion for leave to file a second or successive § 2254 petition in the United States Court of Appeals for the Fifth Circuit pursuant to § 2244(b)(3)(A).

---

[1] Although the first § 2254 petition was dismissed as time barred, such a dismissal constituted an adjudication on the merits for purposes of the gate-keeping rules on second or successive petitions. *See Villanueva v. United States*, 346 F.3d 55, 61(2nd Cir. 2003) (addressing issue in the context of a § 2255 motion); *Donaldson v. United States*, 2003 WL 22959502, No. 01-cv-1061 (N.D. N.Y. Oct. 27, 2003) (same); *see also Anders v. Cockrell*, 2003 WL 102615 at *2, 3:02cv2513-N (N.D. Tex. Jan. 08, 2003) (addressing issue in the context of a state habeas corpus petition).

*See In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997) (setting out the requirements for filing a motion for authorization to file a successive habeas petition in the Fifth Circuit Court of Appeals).

RECOMMENDATION:

For the foregoing reasons it is recommended that the petition for writ of habeas corpus be DISMISSED for want of jurisdiction, but without prejudice to Petitioner's right to file a motion for leave to file a second or successive § 2254 petition in the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A).

The Clerk will mail a copy of this recommendation to Petitioner.

Signed this 6th day of August, 2007.

*Wm. F. Sanderson, Jr.*

---

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.